135 Nev., Advance Opinion 1

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KENNETH FRANKS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 72988<br><br>**FILED**<br><br>JAN 03 2019 |

Appeal from a judgment of conviction, pursuant to a jury verdict, of lewdness with a child under the age of 14 years. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

*Affirmed.*

Law Office of Lisa Rasmussen and Lisa A. Rasmussen and Jim Hoffman, Las Vegas,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jennifer M. Clemons and Jonathan VanBoskerck, Chief Deputy District Attorneys, Clark County,
for Respondent.

BEFORE CHERRY, PARRAGUIRRE and STIGLIGH, JJ.

## OPINION

By the Court, CHERRY, J.:

In this appeal, we consider a district court's decision to allow the State to introduce evidence of prior, uncharged sexual acts committed

19-00263

by appellant during appellant's current prosecution for a sexual offense for purposes of showing propensity under NRS 48.045(3). We conclude that the plain language of NRS 48.045(3) permits the district court to admit evidence of a separate sexual offense for purposes of proving propensity in a sexual offense prosecution. We further conclude that, although such evidence may be admitted for propensity purposes without the district court holding a *Petrocelli* hearing, evidence of separate acts that constitute sexual offenses still must be evaluated for relevance and its heightened risk of unfair prejudice before being admitted. Therefore, prior to its admission under NRS 48.045(3), the district court must determine that the prior bad sexual act is (1) relevant to the crime charged, (2) proven by a preponderance of the evidence, and (3) weighed to determine that its probative value is not substantially outweighed by the danger of unfair prejudice as articulated by *United States v. LeMay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001). Because we find that the district court did not plainly err by permitting the State to introduce evidence of appellant Kenneth Franks' prior conduct for propensity purposes, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 18, 2015, Franks was charged by criminal complaint with one count of lewdness with a child under the age of 14 related to events occurring in June 2015. A.F., Franks' twelve-year-old niece, testified that Franks was wrestling and tickling her when he pulled down her pants and underwear and rubbed her genitals. While Franks initially denied the misconduct, he ultimately admitted to a detective that he had pulled down A.F.'s pants and possibly "grazed her" genitals.

At trial, the State elicited testimony from A.F., A.F.'s father, Franks' mother, and Franks' brother that A.F. was at Franks' house between May and June 2015. However, Franks' brother and mother stated that there was a limited time frame within which Franks could have committed the crime on June 23 and 24. In addition, during the State's questioning of A.F., she made four statements alluding to prior uncharged instances of inappropriate touching, testifying that (1) Franks had previously "touched [her] on top of [her] clothes" with his hand; (2) Franks touched her in this fashion more than once; (3) the charged event was "the last time" Franks touched her; and (4) Franks touched her five times total, though she was unsure of the exact dates. Franks did not object to the admission of A.F.'s testimony, nor did the district court hold a hearing regarding its admissibility. The jury found Franks guilty of the charged offense, and he was sentenced to 10 years to life.

## DISCUSSION

*The district court did not plainly err by permitting the State to introduce evidence of Franks' prior acts that constitute separate sexual offenses for purposes of showing propensity under NRS 48.045(3)*

### Standard of review

We review questions of statutory interpretation de novo, and "when a statute is clear on its face, a court cannot go beyond the statute in determining legislative intent." *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011) (internal quotation marks omitted). "We [typically] review a district court's decision to admit or exclude evidence for an abuse of discretion," but "failure to object precludes appellate review of the matter unless it rises to the level of plain error." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (internal quotations omitted). Reversal for plain error is only warranted if the appellant demonstrates that the error

was prejudicial to his substantial rights. *Pantano v. State*, 122 Nev. 782, 795, 138 P.3d 477, 485-86 (2006).

*Statutory interpretation of NRS 48.045(3)*

Franks argues that the district court plainly erred by permitting the State to introduce evidence of Franks' prior uncharged sexual acts to demonstrate propensity in his sexual offense prosecution under NRS 48.045(3). We disagree.

Prior to 2015, NRS 48.045(2) barred admission of all "[e]vidence of other crimes, wrongs or acts . . . to prove the character of a person in order to show that the person acted in conformity therewith." However, in a 2015 amendment to Nevada's evidence code, the Legislature added a new rule, codified at NRS 48.045(3), which supersedes NRS 489.045(2)'s restriction on evidence of similar bad conduct for purposes of showing propensity in sexual offense cases. The amendment applies to "court proceeding[s] that [are] commenced on or after October 1, 2015." 2015 Nev. Stat., ch. 399, § 27(4), at 2246. The complaint against Franks was filed on September 18, 2015, but his trial commenced on November 28, 2016. Therefore, NRS 48.045(3) properly applied to Frank's criminal prosecution for lewdness with a child under the age of 14 years. *See Proceeding & Criminal Proceeding, Black's Law Dictionary* (10th ed. 2014) (defining "proceeding," in part, as "[a]n act or step that is part of a larger action" or "[t]he business conducted by a court or other official body; a hearing," and "criminal proceeding" as "[a] judicial hearing, session, or prosecution in which a court adjudicates whether a person has committed a crime or, having already fixed guilt, decides on the offender's punishment; a criminal hearing or trial"); *see also Howland v. State*, 990 S.W.2d 274, 277 (Tex. Crim. App. 1999) (concluding that a criminal proceeding includes any step in a criminal

prosecution, not merely the beginning of the prosecution itself, for the purposes of applying a newly enacted statute).

Turning to the language of NRS 48.045(3), the statute plainly provides that "[n]*othing* in this section shall be construed to prohibit the admission of evidence in a criminal prosecution for a sexual offense that a person committed another crime, wrong or act that constitutes a separate sexual offense."[1] (Emphasis added.) Therefore, in criminal prosecutions for sexual offenses, NRS 48.045(3) allows for the admission of evidence of a prior bad act constituting a sexual offense "to prove the character of a person in order to show that the person acted in conformity therewith" that would otherwise be barred under NRS 48.045(2). Reading NRS 48.045(3) as restating that prior sexual offenses may be considered for other purposes under NRS 48.045(2) but not for propensity purposes would render NRS 48.045(3) meaningless, as NRS 48.045(3) provides a specific admissibility standard in criminal sexual offense cases, replacing the general criteria set forth in NRS 48.045(2) and superseding subsection 2's restriction on propensity evidence in such cases. Therefore, we conclude that NRS 48.045(3) unambiguously permits the district court to admit prior sexual bad acts for propensity purposes in a criminal prosecution for a sexual offense.

---

[1]A "sexual offense" includes "[a]ny . . . offense that has an element involving a sexual act or sexual conduct with another." NRS 179D.097(1)(r).

SUPREME COURT
OF
NEVADA

(O) 1947A

*Application of NRS 48.045(3)*

Franks argues that the district court erred by failing to hold a *Petrocelli*[2] hearing prior to its admission. We disagree.

Before admitting evidence of a prior bad act pursuant to NRS 48.045(2), this court determined that the district court must hold a *Petrocelli* hearing outside of the presence of the jury to determine that "(1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Bigpond v. State*, 128 Nev. 108, 117, 270 P.3d 1244, 1250 (2012). As discussed, however, NRS 48.045(3) unambiguously removed prior sexual acts from NRS 48.045(2)'s ban on propensity evidence. Therefore, the *Petrocelli* framework established for admitting evidence of a prior act for purposes other than propensity is not applicable in cases where the State seeks to present evidence of separate acts constituting sexual offenses for purposes of showing propensity in a current sexual offense prosecution.

Still, Franks' argument reveals a significant concern: although evidence of prior sexual acts no longer require a *Petrocelli* hearing prior to admission, the Legislature failed to outline any procedural safeguards to mitigate against "the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." *Old Chief v. United States*, 519 U.S. 172, 181 (1997) (internal quotation marks omitted). Therefore, as in *Petrocelli*, 101

---

[2]*See Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 44-45, 83 P.3d 818, 823 (2004).

Nev. at 51-52, 692 P.2d at 507-08, we now address and rectify the absence of procedural safeguards with regard to evidence potentially admissible under NRS 48.045(3).

First, similar to the *Petrocelli* framework, we conclude that the State must request the district court's permission to introduce the evidence of the prior sexual offense for propensity purposes outside the presence of the jury. *See Bigpond*, 128 Nev. at 117, 270 P.3d at 1250. The State must then proffer its explanation of how the prior sexual offense is relevant to the charged offense, i.e., tends to make it more probable that the defendant engaged in the charged conduct. *See* NRS 48.015.

Second, we note that the relevancy of a prior sexual offense also "depends upon the fulfillment of a condition of fact, [wherein] the judge shall admit it upon the introduction of evidence sufficient to support a finding of the fulfillment of the condition." NRS 47.070(1). In light of the nature of prior sexual act evidence, federal courts require "district court[s] [to] make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the other act occurred." *See, e.g., United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) (internal quotation marks omitted); *see also United States v. Oldrock*, 867 F.3d 934, 939 (8th Cir. 2017); *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008). Therefore, prior to the admission of prior sexual offense evidence for propensity purposes under NRS 48.045(3), the district court must make a preliminary finding that the prior sexual offense is relevant for propensity purposes, and that a jury could reasonably find by a preponderance of the evidence that the bad act constituting a sexual offense occurred.

Finally, while all "relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice," *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 933, 267 P.3d 777, 781 (2011) (internal quotation marks omitted), other courts have cautioned to "pay careful attention to both the significant probative value and the strong prejudicial qualities of that evidence" due to "the inherent strength of [prior sexual act] evidence," *LeMay*, 260 F.3d at 1027 (internal quotation marks omitted). In order to address the highly probative yet prejudicial nature of this evidence, the Ninth Circuit Court of Appeals set forth a modified balancing analysis, stating that the district court must consider several nonexhaustive factors prior to allowing its admission:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* at 1028 (internal quotation marks omitted). We conclude that the factors articulated by the Ninth Circuit are useful and account for the legislative intent to permit propensity evidence in sexual offense prosecutions—the purpose of NRS 48.045(3)—while also taking into account the risk of unfair prejudice that accompanies this strong evidence. Therefore, after a defendant challenges the State's intent to introduce prior sexual offense evidence for propensity purposes, the district court should evaluate whether that evidence is unfairly prejudicial under the *LeMay* factors prior to admitting such evidence.

Here, although the district court applied no similar safeguards before permitting the State to introduce evidence of Franks' prior acts under

SUPREME COURT
OF
NEVADA

(O) 1947A

8

NRS 48.045(3), it is apparent that Franks was not unfairly prejudiced by the admission of the prior bad acts. Franks' prior conduct demonstrated that he had a propensity to engage in such conduct. Further, a jury could reasonably find by a preponderance of the evidence that the prior conduct occurred from A.F.'s testimony. *See Keeney v. State*, 109 Nev. 220, 229, 850 P.2d 311, 317 (1993) (holding that a higher burden, clear and convincing evidence, can be provided by a victim's testimony alone), *overruled on other grounds by Koerschner v. State*, 116 Nev. 1111, 13 P.3d 451 (2000), *modified on other grounds by State v. Eighth Judicial Dist. Court (Romano)*, 120 Nev. 613, 623, 97 P.3d 594, 600 (2004).

Finally, the probative value of the evidence of Franks' prior conduct was not substantially outweighed by the danger of unfair prejudice under *LeMay*. First, Franks' prior acts and the act for which he was charged in the underlying case were identical, as each act involved sexual misconduct targeting the same child and involved inappropriate touching. Further, although A.F. could not testify as to the exact dates when the prior sexual offense acts occurred, they were sufficiently frequent and close in time that A.F., who was 12 years old when the last offense occurred and 13 years old at the time of trial, could testify as to the number and details of the uncharged offenses, *see LeMay*, 260 F.3d at 1029 (reasoning that the lapse of 12 years between trial and the prior sexual offenses did not render admission of relevant evidence of the similar prior acts an abuse of discretion), and the record does not demonstrate any intervening circumstances that would alter the balance of the acts' probative value and risk of prejudice. Lastly, while evidence regarding the prior bad acts may not have been necessary to establish the State's case, the "evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced;

it must simply be helpful or *practically necessary*." *Id.* A.F.'s testimony was helpful to the State's case by establishing Franks' propensity to commit the charged crime. Therefore, we conclude that the district court did not plainly err by admitting the evidence of Franks' prior sexual offenses.[3]

*Sufficient evidence supporting Franks' conviction*

Franks argues that there was insufficient evidence presented by the State to support his conviction because there was no evidence that the touching (1) was intentional beyond A.F.'s inadmissible testimony that he previously touched her, and (2) occurred during June 2015 as alleged in the charging documents. We disagree.

"[T]he test for sufficiency upon appellate review is not whether this court is convinced of the defendant's guilt beyond a reasonable doubt, but whether the jury, acting reasonably, could be convinced to that certitude by evidence it had a right to accept." *Edwards v. State*, 90 Nev. 255, 258-59, 524 P.2d 328, 331 (1974). Therefore, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Milton v. State*, 111 Nev. 1487, 1491, 908 P.2d 684, 686-87 (1995) (internal quotation marks omitted). "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (alteration in original) (internal quotation marks omitted). Moreover, a lewdness victim's testimony need not be

---

[3]Franks also disputes the district court's jury instruction that it may consider evidence of his prior sexual acts for propensity purposes. Because NRS 48.045(3) allows the State to introduce prior crimes, wrongs, or acts that constitute a separate sexual offense for propensity purposes in a sexual offense prosecution, we conclude that Franks' argument lacks merit.

 

corroborated. *See Gaxiola v. State*, 121 Nev. 638, 649-50, 119 P.3d 1225, 1233 (2005).

The previous version of NRS 201.230(1) (2005) provided as follows:

> A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, is guilty of lewdness with a child.

Here, as to Franks' intent, and contrary to Franks' argument, evidence of repeated touching of A.F.'s genitals was admissible under NRS 48.045(3) to show propensity to commit the charged crime and was indicative of the fact that the charged act was not accidental. Moreover, A.F. testified that Franks pulled down her pants and underwear separately and his fingers "rubb[ed]" her genitals, which supports that the touching was intentional. Despite Franks' statement to police that he might have accidentally "grazed" A.F.'s genitals, a rational juror could find that the evidence established that Franks intentionally touched A.F. Second, as to the timing of the incident, a total of five witnesses—A.F., A.F.'s father, a detective, Franks' mother, and Franks' brother—provided testimony showing that A.F. was at Franks' house between May and June, 2015. Although Franks' brother and mother stated that there was a limited time frame within which Franks could have committed the crime on June 23 and 24, the jury maintained the right to either (1) disbelieve the testimony of Franks' family members as to those dates generally, or (2) find that there was nonetheless an opportunity for Franks to commit the crime

on those occasions. Therefore, we conclude that there was sufficient evidence to support Franks' conviction.

## CONCLUSION

We conclude that the district court did not commit plain error by allowing the State to introduce evidence of Franks' prior sexual acts for propensity purposes. We further conclude that sufficient evidence supported Franks' conviction. Therefore, we affirm the judgment of conviction.

_____, J.
Cherry

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich