# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY NOEL CAMPBELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80170

FILED

APR 29 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Timothy Noel Campbell appeals from a judgment of conviction, pursuant to a jury verdict, of three counts of lewdness with a minor under the age of 14. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Campbell contends that the district court improperly admitted evidence of prior sexual offenses pursuant to NRS 48.045(3), which allows prior bad acts evidence for propensity purposes in sexual offense prosecutions. This determination is subject to a deferential abuse of discretion standard. *Franks v. State*, 135 Nev. 1, 3, 432 P.3d 752, 754-55 (2019). In making this determination, the district court must consider the relevance and relative unfair prejudice of the evidence and whether the State proved the prior sexual offenses by a preponderance of the evidence. *Id.* at 4-6, 432 P.3d at 755-57.

The district court did not abuse its discretion. First, the district court properly found the bad acts evidence, testimony by two victims of prior lewdness and other sexual abuse, relevant—a low hurdle. *Hubbard v. State*, 134 Nev. 450, 460, 422 P.3d 1260, 1268 (2018) ("[P]ropensity evidence is relevant . . . ." (internal quotation omitted)). Second, the district court properly found this same evidence proven by clear and convincing evidence, a higher burden of proof than required. *Franks*, 135 Nev. at 7, 432 P.3d at

21-12367

757 (noting that one victim's testimony alone may prove acts beyond a reasonable doubt). Third, the district court made "a clear record concerning its decision whether or not to admit such evidence," *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268-69 (9th Cir. 2000), and carefully weighed the *Franks* prejudice factors, including:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

135 Nev. at 6, 432 P.3d at 756 (adopting test from *United States v. LeMay*, 260 F.3d 1018, 1027-28 (9th Cir. 2001)).

Campbell argues that the prior acts were remote in time and more aggravated than those with which he was charged, involving sexual assault and lewdness acts ending about 17-20 years before the charged acts. But there is no bright line similarity or remoteness rule. And, as Campbell acknowledges, the prior bad act evidence, if taken as true, qualified as frequent. The record also demonstrates that Campbell's familial circumstances may have intervened to prevent him from having access to young children for some time, explaining away some of the remoteness of the events. Finally, the State had a great need for this evidence because the State's only direct witness to the crime, the victim, testified to events that occurred when she was around six or seven years old, over a decade before trial, and faced substantial impeachment.

The district court alternatively admitted this prior bad act evidence under NRS 48.045(2) to prove intent and motive, and to rebut accident or mistake, in light of law enforcement's testimony that Campbell, in so many words, worried that he could have inadvertently touched the

SUPREME COURT
OF
NEVADA

(O) 1947A

victim and said that the victim would "grind" on and "grab" his genitalia. It complied with the legal requirements for admitting prior bad act evidence under NRS 48.045(2) and its determination respecting admissibility did not amount to an abuse of its discretion. *See Randolph v. State*, 136 Nev., Adv. Op. 78, 477 P.3d 342, 346 (2020) (requiring clear and convincing proof of relevance to a limited non-propensity purpose in addition to a proper weighing of probative value and unfair prejudice); *Tavares v. State*, 117 Nev. 725, 733, 30 P.3d 1128, 1133 (2001) (mandating an instruction to explain limited non-propensity purpose admission to the jury). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Hon. Carolyn Ellsworth, District Judge
        Weiner Law Group, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk