IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN ELI GILLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80171

**FILED**

MAY 1 4 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, first-degree kidnapping, lewdness with a child under the age of 14, use of a minor in producing pornography or as the subject of a sexual portrayal, and possession of visual presentation depicting sexual conduct of a child.[1] Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

*Sufficiency of the evidence*

First, appellant Martin Gillen argues that the State failed to present sufficient evidence to support the guilty verdicts for each of his convictions.[2] The State asserts that sufficient evidence showed that Gillen possessed unlawful sexual depictions of children, entered the victim's family property with the intent to commit felonious acts, including lewdly touching the victim's buttocks, enticing her to an isolated area where he encouraged the victim to simulate "sexual conduct" or perform "a sexual portrayal" as prohibited under NRS 200.710, and depicted the victim "in a manner which appeals to the prurient interest in sex and which does not have serious literary, artistic, political or scientific value." NRS 200.700(4);

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]The jury acquitted Gillen of child abuse, neglect or endangerment.

*see also Shue v. State*, 133 Nev. 798, 805, 407 P.3d 332, 338 (2017) (explaining that a "prurient" interest in sex involves "'a shameful or morbid interest in nudity, sex, or excretion,' or involving 'sexual responses over and beyond those that would be characterized as normal'" (quoting *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 498 (1985))). When reviewing the sufficiency of the evidence supporting a criminal conviction, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

*Use of a minor in producing pornography or as the subject of a sexual portrayal*

Gillen first challenges his conviction for using the victim in the production of pornography or as the subject of a sexual portrayal. Specifically, he contends that no photographs or recordings were recovered from the incident and the victim's description of the incident does not establish she performed "sexual conduct" or engaged in a "sexual portrayal." *See* NRS 200.700(3), (4) (defining "sexual conduct" and "sexual portrayal"). Having reviewed the record, we conclude sufficient evidence was presented to sustain this conviction. The victim testified that Gillen led her out of her main residence and into a detached living quarters (the casita) on the property under the guise of completing a scavenger hunt. Gillen then gave the victim candy and a popsicle instructing her to "suck" on them and "make slurping noises." Additionally, the victim testified that Gillen had two cellphones and took photographs during this incident and also appeared to record her at times as the cellphone flash was on the whole time. A rational juror could conclude that Gillen used the items for their phallic shape and

SUPREME COURT
OF
NEVADA

(O) 1947A

2

that he instructed the victim to "suck" on the items and "make slurping noises" to simulate sexual conduct or to portray her in a manner that appealed to his prurient interest. *See Shue*, 133 Nev. at 805, 407 P.3d at 338 (reiterating that what is prurient depends on "the views of an average person applying contemporary community standards"). In this case, the jury had the opportunity to assess the victim's testimony regarding the events in the casita and the nature of Gillen's actions with the victim. *See Rose v. State*, 123 Nev. 194, 203, 163 P.3d 408, 414 (2007) ("[W]e have held that the victim's testimony alone is sufficient to uphold a conviction."). Therefore, we conclude that a rational juror could find the essential elements for the offense of unlawfully using a minor to produce pornography or as the subject of sexual portrayal. *See* NRS 200.710.

*Lewdness with a child under the age of 14*

Gillen next challenges his conviction for lewdness with a child under the age of 14. Specifically, he contends that he only made innocent contact with the victim's buttocks during a hug.

The victim testified that Gillen gave her a hug before leaving the property. During the hug Gillen slid his hand down and touched her buttocks, which made her feel uncomfortable. And, she told law enforcement at the time that Gillen spanked her. Moreover, the circumstances of the offense support the jury's verdict, including a close-up photograph of the victim's buttocks on a prior occasion found in Gillen's possession, his comments suggesting the victim could undress in his presence, his subsequent return to the property to clean up the casita, and telling the victim not to tell anyone about what occurred. *State v. Catanio*, 120 Nev. 1030, 1036, 102 P.3d 588, 592 (2004) (holding that for lewdness with a child, the State must prove that an accused had the "specific intent . . . to encourage or compel a lewd act in order to gratify the accused's

sexual desires"); *see also Grant v. State*, 117 Nev. 427, 435, 24 P.3d 761, 766 (2001) ("Intent need not be proven by direct evidence but can be inferred from conduct and circumstantial evidence."). Therefore, we conclude that a rational juror could find the essential elements for the offense of lewdness with a child under the age of 14. *See* NRS 201.230(1)(b); *see also Rose*, 123 Nev. at 203, 163 P.3d at 414; *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) ("[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses.").

### First-degree kidnapping and burglary

Gillen next challenges his conviction for kidnapping because the State did not prove that he intended to confine or imprison the victim or keep her from her parents. And he argues that the State did not prove he intended to commit a crime when he entered the victim's family property or the casita. We disagree because the evidence showed that Gillen enticed the victim to accompany him to the casita, a separate and closed off area, with a story about a scavenger hunt and a bag of candy and treats. While in the casita, Gillen asked the victim change into a different outfit. After retrieving clothes from her bedroom, the victim returned and Gillen told her that he would cover his eyes so she could change in the room. While the victim chose to change in the bathroom, we conclude a rational juror could infer from this evidence that Gillen enticed the victim into the isolated casita with the intent to commit an unlawful act upon or with the body of the victim. *See Lofthouse v. State*, 136 Nev., Adv. Op. 44, 467 P.3d 609, 612 (2020) (providing that NRS 200.310(1) "requires the intent to commit a predicate offense"); *Catanio*, 120 Nev. at 1033-34, 102 P.3d at 591 (providing that, under NRS 201.230, "[a]n act committed 'with' the minor's body indicates that the minor's body is the object of attention, and that language

does not require a physical touching by the accused"); *see also Sharma v. State*, 118 Nev. 648, 659, 56 P.3d 868, 874 (2002) (observing that "intent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime, which are capable of proof at trial"). Accordingly, sufficient evidence supports the jury's verdict. *See* NRS 193.200; NRS 200.310(1). Considering this same evidence, we conclude that the State presented sufficient evidence to support Gillen's burglary conviction, as a rational juror could find he entered the casita with felonious intent. *See* NRS 193.200; NRS 205.060(1); *Fritz v. State*, 86 Nev. 655, 657, 474 P.2d 377, 378 (1970) (a jury may reject a defendant's explanation of why he is inside a building and "conclude that his entry into the establishment was with the intent to commit a felony").

*Possession of visual presentation depicting sexual conduct of a child*

Lastly, Gillen challenges his conviction for possession of photographs depicting sexual conduct of children because the images of nude children were not sexual in nature. The State presented evidence that Gillen possessed seven inappropriate images, e.g., an image focusing on the spread legs and vaginal area of a three to five-year-old female dressed in a shirt and underwear and an image of two nude juvenile females, wearing only tube socks, kneeling on a couch. The jury had the opportunity to consider the images and evaluate their nature. *See McNair*, 108 Nev. at 56, 825 P.2d at 573 (providing that it is the jury's function to determine the credibility of the witnesses and weigh the evidence—not the court). Therefore, the State presented sufficient evidence for a rational juror to conclude that Gillen possessed depictions of children engaged in sexual conduct. *See* NRS 200.730; *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20

SUPREME COURT
OF
NEVADA

(O) 1947A

(1981) (providing that the jury's verdict will not be disturbed where it is supported by substantial evidence).

*Search and seizure*

Gillen argues that the district court erred in denying his motion to suppress the evidence seized during the search of his residence. Reviewing de novo, *see Lamb v. State*, 127 Nev. 26, 31, 251 P.3d 700, 703 (2011) (holding that we review the district court's factual findings regarding suppression issues for clear error and the legal consequences of those findings de novo), we disagree.

Absent the observations that the district court did suppress, the warrant application summarized the events that occurred, including Gillen showing the victim an image of another child, taking potentially inappropriate pictures or videos of the victim, encouraging the victim to change her clothes in his presence, and patting the victim's buttocks. Additionally, the affiant stated that Gillen is a registered sex offender and had been previously arrested for sexual assault of a minor. Considering the totality of the circumstances, we conclude that probable cause existed to support the search warrant of Gillen's residence because the victim's statements showed that he may have committed criminal acts, including taking sexual photographs of the minor victim that were likely stored on electronic devices. *See* NRS 179.035(3) (providing that a warrant may issue "[w]hen the property or things to be seized consist of any item or constitute any evidence which tends to show that a criminal offense has been committed, or tends to show that a particular person has committed a criminal offense"); *see also Illinois v. Gates*, 462 U.S. 213, 230-32 (1983) (holding that probable cause determinations consider the totality of the circumstances, and further holding that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—

SUPREME COURT
OF
NEVADA

(O) 1947A

not readily, or even usefully, reduced to a neat set of legal rules"); *United States v. Lattner*, 385 F.3d 947, 953 (6th Cir.2004) (providing that probable cause requires that there must be "a fair probability, given the totality of the circumstances, that contraband or evidence . . . would be found at that location" (internal quotations omitted)). Therefore, we conclude that the district court did not err by denying the motion to suppress.

*Prior bad acts*

Gillen argues that the district court erred by admitting evidence of his 1999 sexual offenses with a minor in Colorado under NRS 48.045(3). While nothing prohibits "the admission of evidence in a criminal prosecution for a sexual offense that a person committed another crime, wrong or act that constitutes a separate sexual offense," *id*, this court has set forth procedural safeguards regarding the admission of such evidence, *see Franks v. State*, 135 Nev. 1, 5-6, 432 P.3d 752, 756-57 (2019). A district court's decision to admit prior-bad-act evidence is reviewed for an abuse of discretion. *See id.* at 3, 432 P.3d at 754-55.

Under NRS 48.045(3), the proponent of prior-sexual-offense evidence, outside the presence of the jury, must show that the evidence is relevant to the charged crimes, *Franks*, 135 Nev. at 5, 432 P.3d at 756; the proponent must prove the acts by a preponderance of the evidence, *id.*; and the district court must determine whether the danger of unfair prejudice substantially outweighs any probative value of the evidence, *id.* Further, we have outlined useful factors for district courts to consider when balancing probative value and the danger of unfair prejudice. *See id.* at 6, 432 P.3d at 756.

In this case, the district court held a *Petrocelli*[3] hearing and the State presented testimony from both the Colorado victim F.W. and the investigating detective from Colorado. F.W. testified that she met Gillen at an ice-skating rink when she was five to seven years old. Gillen worked at the rink and socialized with F.W's family. While her family played hockey, F.W. would hang out with Gillen, with the promise of soda and candy, and he took her to the office or the back room of the pro shop. F.W. described how Gillen's conduct became increasingly sexual, including asking her to show him her underwear, exposing himself, and masturbating in front of her. During multiple incidents, Gillen asked F.W. to undress, he would fondle her genitals, and take photographs. The Colorado detective testified that he interviewed the Colorado victim and identified Gillen as the suspect. When the detective went to conduct an interview, Gillen admitted to sexual contact with the Colorado victim and that he had taken photographs during the incidents. The district court found the evidence "fit[ ] squarely within 48.045(3)," was relevant to the charged crimes, that the State proved the bad acts by a preponderance of evidence, and that the danger of unfair

---

[3]*Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 83 P.3d 818 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

prejudice did not outweigh the probative value.[4] We conclude the district court properly admitted the evidence.[5]

First, the Colorado evidence was relevant to show Gillen engaged in unlawful sexual conduct with the victim, and his propensity to sexually victimize underage girls. *See Franks*, 135 Nev. at 5, 432 P.3d at 756 (the evidence must "tend[ ] to make it more probable that the defendant engaged in the charged conduct"). Additionally, the record shows the State proved the Colorado acts by a preponderance of the evidence by presenting witnesses with first-hand knowledge of the conduct and subsequent criminal investigation. *See Lane v. Second Judicial Dist. Court*, 104 Nev. 427, 446, 760 P.2d 1245, 1257 (1988) ("[T]o be competent to testify, a witness must have personal knowledge of the subject of his testimony."); *see also* 2 Edward J. Imwinkelried, *Uncharged Misconduct Evidence* § 8:25 (2020) (providing that "a conviction is reliable, trustworthy evidence of the defendant's commission of the uncharged act"). Finally, the danger of unfair prejudice did not outweigh the probative value of the Colorado evidence. In each case Gillen engaged in similar conduct by victimizing young girls whom he knew socially. Using candy, Gillen lured each victim to a secluded area and took inappropriate photographs. Further, Gillen

[4]To the extent Gillen assigns error to the district court not applying the *Franks* factors, we disagree. We did not create a mandate when discussing the relevant factors, rather we concluded that district courts "should" consider them when evaluating the danger of unfair prejudice. *Franks*, 135 Nev. at 6, 432 P.3d at 757.

[5]Having concluded that the prior sexual offenses were admissible under NRS 48.045(3), we need not address Gillen's argument that the district court erred in admitting the evidence under the more narrow provisions of NRS 48.045(2) for the purposes of showing his intent and lack of mistake or accident.

committed, or attempted to commit, lewd acts with each victim while he had them in an isolated location. While the Colorado acts occurred approximately 16 years before the instant offenses, there is no "bright line rule concerning remoteness in time." *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996); *see also United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (finding the admission of defendant's 20-year-old prior sexual abuse of a child proper to show his sexual interest in underage girls). Gillen engaged in frequent and prolonged inappropriate behavior with F.W. that became increasingly sexual and criminal. And while the State had alternative evidence to prove Gillen's guilt in this case, under NRS 48.045(3) the evidence "must simply be helpful or *practically necessary.*" *Franks*, 135 Nev. at 7, 432 P.3d at 757 (emphasis in original). Considering these factors, and the record before us, we conclude that the Colorado acts were properly admitted to show Gillen's propensity to commit the charged crimes.

*Motion to sever*

Gillen argues that the district court abused its discretion by denying his motion to sever the charge of possession of visual presentations depicting sexual conduct of a child from the remaining counts. NRS 173.115(1) provides that two or more offenses may be charged in the same indictment when the offenses charged are "[b]ased on the same act or transaction" or "[b]ased on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Even if not part of a common scheme or plan, crimes can nevertheless be "connected together" when a court determines that "evidence of the offenses would be cross-admissible at separate trials." *Farmer v. State*, 133 Nev. 693, 697, 405 P.3d 114, 119 (2017). We review the district court's decision for an abuse of

discretion, *see Tabish v. State*, 119 Nev. 293, 302, 72 P.3d 584, 589-90 (2003), and conclude there was no such abuse here.

In this case, the district court found the counts cross-admissible to prove Gillen's intent. While evidence of other offenses is inadmissible as character evidence, such evidence is admissible to prove intent. NRS 48.045(2). Because the State had to prove Gillen touched the victim to gratify his lusts, passions, or sexual desires, *see* NRS 201.230, and that he knowingly possessed sexual depictions of children, *see* NRS 200.730, we conclude the counts were cross-admissible and therefore properly joined under NRS 173.115(1). *See Zana v. State*, 125 Nev. 541, 549, 216 P.3d 244, 250-51 (2009) (finding evidence of lewdness and possession of child pornography charges cross-admissible). Further, we conclude that Gillen has not shown that the joinder resulted in undue prejudice because trying the offenses together did not make the trial fundamentally unfair or violate due process rights as the charges would have been cross-admissible in separate trials. *See Farmer*, 133 Nev. at 700, 405 P.3d at 121; NRS 174.165(1) ("For separate trials to be required, the simultaneous trial of the offenses must render the trial fundamentally unfair, and hence, result in a violation of due process." (internal quotation marks and alteration omitted)); *Middleton v. State*, 114 Nev. 1089, 1108, 968 P.2d 296, 309 (1998) (pointing to the cross-admissibility of evidence as indicative of the lack of undue prejudice resulting from joinder). It appears that the jury was able to carefully and independently consider the evidence presented for each count, and ultimately found Gillen not guilty on one count. Therefore, we

conclude the district court did not abuse its discretion in denying Gillen's motion for severance.[6] Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver


cc:　Chief Judge, Eighth Judicial District Court
　　Department 19, Eighth Judicial District Court
　　The Draskovich Law Group
　　Attorney General/Carson City
　　Clark County District Attorney
　　Eighth District Court Clerk

---

[6]Gillen also argues that cumulative error requires reversal. Because we discern no errors, there is nothing to cumulate. *See Lipsitz v. State*, 135 Nev. 131, 140 n.2, 442 P.3d 138, 145 n.2 (2019) (concluding that there were no errors to cumulate when the court found only a single error).

SUPREME COURT
OF
NEVADA

(O) 1947A