# IN THE SUPREME COURT OF THE STATE OF NEVADA

RODNEY HOSINO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81381

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge. Appellant Rodney Hosino contends that the district court erred in rejecting his claims of ineffective assistance of counsel without conducting an evidentiary hearing. We affirm.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to appellate-counsel claims). When alleging ineffective assistance of appellate counsel, a petitioner must prove that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). When a postconviction petition

21-32350

raises claims supported by specific factual allegations which, if true, would entitle the petitioner to relief, the petitioner is entitled to an evidentiary hearing unless those claims are repelled by the record. *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

First, appellant argues that appellate counsel should have challenged the district court's denial of a for-cause challenge to remove a juror because she was a sexual abuse survivor. He also argues that trial counsel should have used a peremptory challenge to remove the same juror. Appellant fails to demonstrate deficient performance or prejudice. The record does not support a conclusion that the juror's "views would prevent or substantially impair the performance of [her] duties as a juror in accordance with [her] instructions and [her] oath." *Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005) (quoting *Leonard v. State*, 117 Nev. 53, 65, 17 P.3d 397, 405 (2001) (internal quotations omitted)), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017). The juror advised the court of her experiences, counsel and the district court inquired about possible bias, and she stated that she could be impartial. Because appellant has not demonstrated that the juror was biased, he did not demonstrate a reasonable probability of a different outcome on appeal had counsel challenged the district court's ruling on the cause challenge or a reasonable probability of a different outcome at trial had counsel sought to remove the juror with a peremptory challenge. *See Preciado v. State*, 130 Nev. 40, 44, 318 P.3d 176, 178 (2014) (concluding that failure to strike a juror only reversible if the error "result[ed] in an unfair empaneled jury"); *Blake v. State*, 121 Nev. 779, 796, 121 P.3d 567, 578 (2005) (concluding that appellant not denied right to impartial jury so long as "the jury actually seated [was] impartial"). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that appellate counsel should have argued that the district court erred in admitting evidence of uncharged sexual offenses that allegedly occurred in Hawaii. We conclude that this claim lacks merit because such evidence is admissible in a prosecution for a sexual offense. NRS 48.045(3); *Franks v. State*, 135 Nev. 1, 4, 432 P.3d 752, 755 (2019). And appellate counsel is not ineffective for failing to raise futile arguments. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (stating that counsel is not ineffective for failing to make futile objections). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues that trial and appellate counsel should have challenged the introduction of a booking photograph. While we question what relevance this evidence had given that identity was not at issue, appellant nevertheless fails to demonstrate deficient performance or prejudice because neither trial nor appellate counsel neglected to raise meritorious challenges. The booking photograph was introduced during testimony that clearly indicated it represented how appellant appeared when he was taken into custody on the instant charges and prior criminal activity could not be inferred from it. *See Browning v. State*, 120 Nev. 347, 358, 91 P.3d 39, 47 (2004) (concluding that a mug shot "had no appreciable prejudicial effect since jurors had no reason to assume that it has been taken in any other case but the one for which [appellant] was being tried"); *cf. Manning v. Warden*, 99 Nev. 82, 86, 659 P.2d 847, 850 (1983) (referencing criminal history is improper if "a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." (quoting *Commonwealth v. Allen*, 292 A.2d 373, 375 (Pa. 1972))). Appellant has not demonstrated a reasonable probability that the results of the trial or appeal would have been different had counsel challenged the booking photograph

considering the overwhelming evidence of guilt. Accordingly, the district court did not err in denying this claim without conducting an evidentiary hearing.

Fourth, appellant argues that trial counsel failed to properly communicate with him and investigate his case. Although appellant provides authority supporting his contention that counsel has a duty to communicate with a defendant, he does not assert how specific failures to communicate impacted his defense beyond improper references to his pro se petition. *See* NRAP 28(e)(2) (providing that "[p]arties shall not incorporate by reference briefs or memoranda of law submitted to the district court"). While his pleading below asserted times that counsel did not communicate with him or investigate certain witnesses, he has not alleged how more thorough communication would have affected the outcome of trial or identified the witnesses and anticipated testimony that counsel would have discovered with more investigation. *See Johnson v. State*, 133 Nev. 571, 577, 402 P.3d 1266, 1274 (2017) (requiring a petitioner to "specifically explain how his attorney's performance was objectively unreasonable"). Additionally, the record belies his claim that counsel failed to relay a plea offer to him. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225.

Fifth, appellant argues that trial and appellate counsel should have challenged the reasonable doubt and equal-and-exact-justice instructions. The district court gave the reasonable doubt instruction mandated by NRS 175.211, and this court has repeatedly upheld the constitutionality of that instruction. *See, e.g., Chambers v. State*, 113 Nev. 974, 982-83, 944 P.2d 805, 810 (1997); *Evans v. State*, 112 Nev. 1172, 1190-91, 926 P.2d 265, 277 (1996); *Lord v. State*, 107 Nev. 28, 40, 806 P.2d 548,

556 (1991), *limited on other grounds by Summers v. State*, 122 Nev. 1326, 1331, 148 P.3d 778, 782 (2006). This court has also upheld the language in the equal-and-exact-justice instruction. *See Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998). Accordingly, appellant cannot demonstrate that counsel omitted meritorious challenges. The district court therefore did not err in rejecting this claim without conducting an evidentiary hearing.

Sixth, appellant argues that the cumulative effect of counsel's errors warrants relief. Even assuming that instances of deficient performance may be cumulated, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), there is nothing to cumulate because appellant has not shown any instances of deficient performance.

Having considered appellant's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Hardesty

_____, J.        _____, Sr.J.
Stiglich                             Gibbons

cc:    Hon. Jacqueline M. Bluth, District Judge
       Law Office of Christopher R. Oram
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.