# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY ELBERT HUDSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77448

FILED

MAY 25 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER AFFIRMING AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder of an older/vulnerable person with the use of a deadly weapon and sexual assault upon an older/vulnerable person. Seventh Judicial District Court, Lincoln County; Gary Fairman, Judge.

Appellant Jerry Hudson first argues that insufficient evidence supports the deadly weapon enhancement and the sexual assault conviction. Specifically, he contends the State did not present evidence that the victim was alive when the deadly weapon was used or when the sexual assault occurred. We disagree. A rational juror could have found beyond a reasonable doubt that the victim was alive based on expert testimony that the stab wound to the victim's neck was a "significant contributing condition[ ]" to her death and that live victims produce mucous for lubrication, which could explain the lack of major genital injury resulting from the sexual assault; the presence of Hudson's DNA in the apartment and under the victim's fingernails, suggesting a struggle; and evidence that neighbors heard loud noises—crashing, banging, glass breaking, and scuffling—coming from the victim's apartment, the victim moaning, and a male voice trying to quiet her. *See* NRS 193.165 (deadly weapon

22-16607

enhancement); NRS 200.366 (elements of sexual assault); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (considering "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"); *Deveroux v. State*, 96 Nev. 388, 391, 610 P.2d 722, 724 (1980) (recognizing that "circumstantial evidence alone may sustain a conviction"); *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) (reiterating that "it is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness").

Relatedly, Hudson argues the district court failed to give jury instructions specifying that the deadly weapon enhancement and the sexual assault charge required a live victim. Hudson did not object below, and we conclude he has not shown plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved issues for plain error). The district court correctly instructed the jury regarding the use of a deadly weapon "in the commission of a crime." NRS 193.165. And we have considered an instruction that "required the jury to find that the sexual penetration occurred against the victim's will and without her consent" and concluded that "it was implicit in the instruction . . . that the victim be alive and that the instruction was therefore not improper." *Doyle v. State*, 112 Nev. 879, 900, 921 P.2d 901, 915 (1996), *overruled on other grounds by Kaczmarek v. State*, 120 Nev. 314, 91 P.3d 16 (2004). Because the jury for Hudson's trial was similarly instructed, "[w]e cannot say . . . that the instruction given was plain error."[1] *Id.*

---

[1]The jury was instructed that the State had to prove beyond a reasonable doubt that the sexual penetration occurred "against the will of the victim" or "under condition[s] [i]n which the Defendant knew or should

Next, Hudson argues the district court erred in admitting prior bad act evidence, namely a previous conviction for attempted sexual assault against A.S., based on Hudson's no-contest plea and the preliminary hearing testimony of A.S.[2] Hudson contends the district court erred in its emphasis of the similarities between the instant sexual assault charge and the prior bad act because the relied-upon factors were not unique but are often found in cases of sexual assault. "NRS 48.045(3) unambiguously permits the district court to admit prior sexual bad acts for propensity purposes in a criminal prosecution for a sexual offense." *Franks v. State*, 135 Nev. 1, 4, 432 P.3d 752, 755 (2019). Hudson's prior conduct and conviction demonstrated that he had a propensity to engage in the charged conduct, and a jury could reasonably find by a preponderance of the evidence that the prior conduct occurred based on Hudson's no-contest plea and the victim's preliminary hearing testimony. *See id.* at 5, 432 P.3d at 756 (outlining findings that should be made before admitting evidence pursuant to NRS 48.045(3)). Additionally, the admission of the prior bad act was not unfairly prejudicial to Hudson given the similarities between the two incidents and the necessity of the evidence to the State's case, where the victim was deceased and there were no other eyewitnesses to the crimes. *See id.* at 6-7, 432 P.3d at 756-57 (listing nonexhaustive factors for the court to consider when determining whether the evidence is unfairly prejudicial and commenting that "evidence need not be *absolutely necessary* to the

_____

have known that the victim was mentally or physically incapable of resisting or understanding the nature of his conduct." *See also* NRS 200.366.

[2]At the time of trial, A.S. was deceased, and the district court allowed her preliminary hearing testimony to be introduced.

prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*" (quotation marks omitted)). We conclude the district court did not abuse its discretion in admitting this evidence at trial.[3] *See id.* at 3, 432 P.3d at 754-55 (reviewing the district court's decision for an abuse of discretion).

While not argued below, Hudson argues his sexual assault charge should have been severed from the murder charge, particularly once details of his prior sexual offense were admitted.[4] But the murder charge and the sexual assault charge were based on acts connected together, as evidence of each would have been relevant and admissible at separate trials for the other charge. *See* NRS 173.115(1) (providing reasons for joinder of offenses); *Weber v. State*, 121 Nev. 554, 573, 119 P.3d 107, 120 (2005) (considering whether "evidence of either crime would be admissible in a separate trial regarding the other crime" to determine whether charges are

---

[3]While the district court did not have the benefit of *Franks* at the time of the trial, the district court held a hearing outside the presence of the jury and determined that the prior bad act was relevant, that it was proven by clear and convincing evidence, and that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 44-45, 83 P.3d 818, 812 (2004).

Additionally, having concluded that the prior sexual offense was admissible under NRS 48.045(3), we need not address Hudson's argument that the district court erred in admitting the evidence under NRS 48.045(2) for the purposes of showing intent, motive, and identity.

[4]We are not persuaded by Hudson's argument that severance should be required whenever propensity evidence is admitted for one charge because a prior bad act can be relevant to more than one charge, particularly where, as here, charges are connected together or are based on the same act or transaction.

"connected together"), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017). And we are not convinced that joinder was unfairly prejudicial or that "[t]he simultaneous trial of the offenses . . . render[ed] the trial fundamentally unfair" such that severance was required. NRS 174.165(1); *Rimer v. State*, 131 Nev. 307, 323-24, 351 P.3d 697, 709 (2015) (quotation marks omitted). Therefore, no relief is warranted based on this contention.

Last, Hudson argues the district court abused its discretion by excluding certain evidence. He first contends the district court violated his right to present a defense when it sustained multiple objections to his questions about law enforcement's investigation and failure to adhere to police procedures. While Hudson undoubtedly had a constitutional right to present a defense and to cross-examine witnesses, *California v. Trombetta*, 467 U.S. 479, 486 (1984); *Ramirez v. State*, 114 Nev. 550, 557, 958 P.2d 724, 728 (1998), he was required to comply with established rules of evidence, *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Brown v. State*, 107 Nev. 164, 167, 807 P.2d 1379, 1381 (1991). Having considered the rulings Hudson challenges on appeal, we find no abuse of discretion by the district court as Hudson was not prevented from challenging the investigation but only precluded from asking questions that were irrelevant, that lacked a proper foundation, or that called for speculation. *See Vega v. State*, 126 Nev. 332, 341, 236 P.3d 632, 638 (2010) (explaining that district courts have broad discretion to determine the admissibility of evidence); *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) ("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason."); *Brown*, 107 Nev. at 167, 807 P.2d at 1381 (explaining the defendant's right to a fair trial is subject to the requirement

that the defendant "comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence" (quotation marks omitted)); *cf. Brant v. State*, 130 Nev. 980, 986, 340 P.3d 576, 580 (2014) (requiring "a specific proffer, supported by scientific or other proof, citing particularized facts, establishing that the testimony is relevant and reliable" when a defendant seeks to introduce expert testimony). And even were we to find an abuse of discretion, any error did not substantially affect the jury's verdict. *See* NRS 178.598; *Valdez*, 124 Nev. at 1189, 196 P.3d at 476. Hudson also contends that the district court abused its discretion by not allowing his DNA expert to testify. However, the district court only made this ruling after Hudson represented that he would not be calling the expert to testify, the expert stayed in the courtroom despite the exclusionary rule being invoked, and the State released its rebuttal expert based on Hudson's representations. *See* NRS 50.155 (providing for exclusion of witnesses); *Romo v. Keplinger*, 115 Nev. 94, 96, 978 P.2d 964, 966 (1999) (concluding that preventing witness testimony is one of several options available to the district court when a witness violates the rule of exclusion). We discern no abuse of discretion by the district court in this regard.

While we deny relief on the claims raised by Hudson, we note an error in his sentence for second-degree murder of an older/vulnerable person with the use of a deadly weapon (Count I). The district court sentenced Hudson to 10 years to life for the primary offense, with a consecutive term of 8 to 20 years for the use of a deadly weapon and a duplicate concurrent term for the older/vulnerable person enhancement. The court may not impose a sentence for both the deadly weapon enhancement and the older/vulnerable person enhancement. *See* NRS

193.169(1). Accordingly, we remand for the district court to correct the judgment of conviction to impose only one enhancement sentence for Count I, which must run consecutively to the sentence for the primary offense. Accordingly, we

ORDER the judgment of conviction AFFIRMED AND REMAND this matter to the district court to correct the judgment of conviction consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Gary Fairman, District Judge
       Sears Law Firm, Ltd.
       Attorney General/Carson City
       Lincoln County District Attorney
       Attorney General/Ely
       Lincoln County Clerk